# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1217V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *<br>LARRY BULMAN,<br><br>                 Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran<br><br><br>Dated: October 31, 2023 |

*David John Carney,* Green & Schafle LLC, Philadelphia, PA, for Petitioners.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 15, 2019, Larry Bulman filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioner alleged that an influenza ("flu") vaccine administered to him on September 25, 2018, caused him to develop a shoulder injury related to vaccine administration ("SIRVA"). The matter was decided on the record, and I denied entitlement. Decision, dated August 16, 2023 (ECF No. 42) ("Entitlement Decision").

Petitioner has now filed a motion for an award of attorney's fees and costs. Motion, dated October 13, 2023 (ECF No. 46). It is his sole fees request in this case. Petitioner requests a total of $75,511.96 ($65,621 in fees, plus $9,890.96 in costs) for the work of attorneys David Carney,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Adam Green, and a law clerk, plus a paralegal, all at the offices of Green & Schafle LLC. Motion at 2–3.

Respondent reacted to the fees request on October 27, 2023. *See* Response, October 27, 2023 (ECF No. 47). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$75,511.96**.

## ANALYSIS

### I.   The Claim Had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Here, I find that Petitioner's claim possessed reasonable basis despite the outcome. Like many SIRVA claims, it was originally assigned to the "Special Processing Unit," and was transferred out of that docket (reserved for cases that are believed to be likely to settle – at least at first glance) only because the Table onset requirement could not be met. Entitlement Decision at 18. That determination (which was based on an overall lack of evidence connecting injury onset to a date close-in-time to vaccination) subsequently impacted Petitioner's ability to prove a medically acceptable onset under a causation standard. *Id.* at 19. And other record evidence did not corroborate a vaccine relationship otherwise. *Id.* at 19-20. But the claim *did* have objective support for some form of injury, and it was supported by a reasonable expert opinion. Thus (and in light of the low bar applying to reasonable basis determinations generally), I find that sufficient objective proof existed to support the assertion of the claim. And there is no other basis for a denial of fees.

## II.     Attorney's Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|
| **David Carney (Attorney)** | $325.00 | $350.00 | $375.00 | $400.00 | $425.00 |
| **Adam Green (Attorney)** | -- | $400.00 | $400.00 | $425.00 | $425.00 |
| **Law Clerk at Green & Schafle LLC** | -- | -- | $175.00 | $185.00 | $195.00 |
| **Paralegal at Green & Schafle LLC** | $145.00 | $145.00 | $145.00 | $145.00 | $175.00 |

ECF No. 46 at 14–30.

The attorneys at Green & Schafle practice in Philadelphia, Pennsylvania—a jurisdiction that has been considered "in forum," meaning they too should receive *McCulloch* rates. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520 at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The specific hourly rates requested for Messrs. Carney and Green plus their law clerk and paralegal are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738, 2022 WL 1210556, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2022). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to have been reasonable. I will therefore award all fees requested for this set of counsel as well.

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case, for example. Petitioner seeks $9,890.96 in outstanding costs, including medical record retrieval costs and filing fees, plus costs associated with the work of one expert, Naveed Natanzi, DO. ECF No. 46 at 32–45. Dr. Natanzi wrote one report and a supplemental write-up, billing $8,840 in total at a rate of $520 per hour for 17 hours. *Id.* at 45. The tasks for which he billed include reviewing medical literature, discussing the case with attorneys, and writing both reports. *Id.* The total amount requested for his services was reasonable for the work performed, and therefore reductions are unnecessary.[5] All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding **$75,511.96** in attorney's fees, in the form of a check made jointly payable to Petitioner and his attorney, Mr. David Carney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] I note that some of the support offered for Dr. Natanzi's work in past cases has included variable rate schedules for different kinds of work or circumstances. My determination herein is based on my assessment of the overall reasonableness of the work he performed *in this case only*, and is therefore not an endorsement or acceptance of any particular rate structure that might be referenced in connection with fees and costs requests in other cases.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.